UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| BRUCE HERDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:10-cv-140-WGH-TWP |
| | ) | |
| THE CIVIL CITY OF JEFFERSONVILLE, | ) | |
| INDIANA, THE COMMON COUNCIL FOR THE | ) | |
| CITY OF JEFFERSONVILLE, INDIANA, RON | ) | |
| GROOMS, NATHAN SAMUEL, MIKE SMITH, ED | ) | |
| ZASTAWNY, KEITH FETZ, CONNIE SELLERS, | ) | |
| BARBARA WILSON, and MAYOR THOMAS R. | ) | |
| GALLIGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge,[1] on the Defendants' Motion to Dismiss filed December 17, 2010. (Docket Nos. 15-16). Plaintiff filed his Response on March 16, 2011. (Docket Nos. 27-28). No reply brief has been filed. A hearing was conducted before the Magistrate Judge on April 8, 2011, at which the parties were represented by counsel. The Plaintiff, Bruce Herdt, was also present at the hearing.

---

[1] The parties consented to Magistrate Judge jurisdiction in their Case Management Plan filed February 17, 2011. (Docket No. 23). On February 18, 2011, District Judge Tanya Walton Pratt issued an Order referring this matter to the Magistrate Judge. (Docket No. 24).

The Magistrate Judge, being duly advised, now **GRANTS** the Defendants' Motion to Dismiss.

The Plaintiff filed this Complaint alleging that the City "knowingly and intentionally adopted a redistricting ordinance [attached to the Complaint] with disproportionate numbers of citizens in the different councilmanic districts." (Complaint at 2). The Plaintiff further alleges that as a result of the Common Council's knowing and intentional failure to adopt a redistricting ordinance making a proportionate division of population in a manner required by Indiana law, the rights of the Plaintiff and all other citizens of the City of Jeffersonville under the Equal Protection Clause of the Fourteenth Amendment to have their votes weighed equally have been abridged.

The Plaintiff seeks a judgment declaring the current councilmanic districts to be malapportioned and thus a denial of the equal protection of the Plaintiff's Fourteenth Amendment rights.

Although there is some question as to whether the Plaintiff, who apparently resides within District Six of the current redistricting plan, has standing to bring this claim, the Magistrate Judge will first address whether the Complaint has been properly pled to state a claim upon which he is entitled to relief.

The Supreme Court has recently decided *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 2009 WL 1361536, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 127 S.Ct. 1955, 2007 WL 1461066, 167 L.Ed.2d 929 (2007).

Those cases addressed appropriate pleading requirements, as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal,* 129 S.Ct. at 1949-50.

Under the Federal Rules of Civil Procedure, the court is entitled to consider documents attached to the Complaint in its review under Federal Rule of Civil Procedure 12. This Complaint attaches a district map prepared by an independent consultant, Jacobi, Toombs & Lanz, Inc.[2] The district map indicates that the population figures utilized therein were taken from the 2000 United States Decennial Census. This census was in effect at the time the ordinance was adopted in 2007. The maps provide the following district populations: District One – 6,296; District Two – 6,114; District Three – 6,589; District Four – 6,641; District Five – 6,754; District Six – 6,234. (Defendants' Brief in Support at 3).

By adding these figures, an ideal district would yield a population of 6,438. The district map indicates that the smallest district adopted is District Two, the population of which is 6,114. District Two contains 324 fewer citizens than ideal. The district map also indicates that the largest district is District Five, the population of which is 6,754. This district, therefore, contains 316 more citizens than ideal. From these figures, the difference in population between the smallest and largest districts is 640, a deviation of less than 10% of the ideal population of 6,438.

The Plaintiff's Complaint does not plead or suggest on its face that the City has failed to follow any mandate of Indiana law or that the data used by the City Council was flawed in any specific manner. The Magistrate Judge believes that

---

[2] The map was revised on January 7, 2010, and August 31, 2010.

under the holdings in *Iqbal* and *Twombly* above, when pleading an equal protection claim under the Constitution, the Plaintiff must do something more than mere notice pleading and must plead facts which are sufficient to establish that there is a plausible claim for dilution of votes, not merely a theoretical claim. Because the Plaintiff has not at this time pled an appropriate plausible claim, the Motion to Dismiss is granted. However, because this dismissal is based upon a failure to properly plead the claim at this time, the Plaintiff will be given thirty (30) days from the date of this entry to file an amended complaint to correct these deficiencies, if he is able to do so under the constraints of Rule 11 of the Federal Rules of Civil Procedure.

The filing of this new and amended complaint, along with appropriate deadlines for responding and arguing issues which include standing of the Plaintiff to bring the complaint, make it unlikely that the court can resolve this case in any manner which would affect the October election in the City of Jeffersonville. To the extent that the Plaintiff believes he needs to address that particular election, he should accompany his amended complaint with appropriate requests for preliminary injunctive relief. Before the court would consider such relief, the Plaintiff should be prepared to provide with specificity the authority under which this court would make specific orders impacting that election.

The Magistrate Judge would note that in addition to dismissing this claim in its entirety, the court concludes that the individually named defendants in

this case are entitled to absolute legislative immunity. Any future amendment to the Complaint should not include claims against those individuals, unless there is a change of circumstance not previously known to the Plaintiff which affects that issue.

**SO ORDERED** the 26th day of April, 2011.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Michael A. Gillenwater
GILLENWATER LAW OFFICES
mgillen@insightbb.com

Mickey Kevin Weber
WEBER & WEBER
mkw@weberlegal.com