UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BRUCE HERDT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 4:10-cv-140-WGH-TWP ) |
| THE CIVIL CITY OF JEFFERSONVILLE, INDIANA, THE COMMON COUNCIL FOR THE CITY OF JEFFERSONVILLE, INDIANA, RON GROOMS, NATHAN SAMUEL, MIKE SMITH, ED ZASTAWNY, KEITH FETZ, CONNIE SELLERS, BARBARA WILSON, and MAYOR THOMAS R. GALLIGAN, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ENTRY ON MOTION FOR RELIEF FROM JUDGMENT**

**I.   Introduction**

This matter is before the court on Plaintiff's Motion for Relief from Judgment filed August 26, 2011. (Docket No. 46). Defendants have not filed a response.

**II.   Legal Standard**

Plaintiff filed his Motion for Relief From Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) allows relief from a final judgment or order based, in pertinent part, on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or "any other reason that justifies relief."

**III. Analysis**

Plaintiff requests relief from the court's judgment dismissing Plaintiff's Amended Complaint. First, Plaintiff argues that the court improperly relied on the Seventh Circuit's decision in *Political Action Conference of Illinois v. Daley*, 976 F.2d 335 (7th Cir. 1992), because: (1) the statute in this case is substantially different from the statute in *Daley*; (2) there is a substantially different disparity among the districts in this case than was present in *Daley*; and (3) the issue in *Daley* involved a disparity based on ethnicity rather than population. Despite Plaintiff's concerns, the court is convinced that *Daley* is the controlling case in the Seventh Circuit concerning the one-person, one-vote doctrine, and that it stands for the proposition that a redistricting ordinance that relies on current census figures is constitutionally sound.

Plaintiff also argues that the court "erred in suggesting that this matter be deferred to the state courts." (Motion for Relief from Judgment at 2). In this respect, Plaintiff misunderstands the court's ruling. The court did not "defer to the state courts." Plaintiff alleged in his Amended Complaint that it was unconstitutional for the Common Council for the City of Jeffersonville ("Common Council") to use 2000 census figures to engage in redistricting when the members of the Common Council were aware that there had been substantial population growth in some of those districts since the 2000 census. The court concluded that Plaintiff's Amended Complaint did not state a claim for relief under the Constitution because use of the 2000 census figures did not violate

the Constitution (even if some of the districts' population numbers had changed dramatically since the most recent census). Only after finding that the Amended Complaint did not state a claim under the Constitution did the court then determine that any remaining state law issues were best left to be determined by a state court.

Finally, Plaintiff argues that, because we must assume all facts in the Amended Complaint are true, the court was precluded from granting Defendants' Motion to Dismiss. What Plaintiff fails to realize is that one of the facts that is alleged in the Amended Complaint is that Defendants used 2000 census figures. Plaintiff argues that it was wrong for Defendants to use those figures when redistricting. The court, relying on *Daley* as well as the Supreme Court's decision in *Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), concluded that the use of the 2000 census figures was proper. Consequently, even assuming all of the facts in Plaintiff's Amended Complaint are true, the court was warranted in granting the Motion to Dismiss.

## IV. Conclusion

For the reasons outlined above, Plaintiff's Motion for Relief from Judgment is **DENIED.**

**SO ORDERED.**

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Dated:** September 26, 2011

**Electronic copies to:**

Michael A. Gillenwater
GILLENWATER LAW OFFICES
mgillen@insightbb.com

Mickey Kevin Weber
WEBER & WEBER
mkw@weberlegal.com